UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS ROLAND, III,

                                  Plaintiff,

                               v.                           9:07-CV-230
                                                                           (FJS/DEP)

I. RIVERA, Superintendent, Coxsackie
Correctional Facility; and MICHAEL BENSON,
Superintendent,

                                  Defendants.
_____

**APPEARANCES**

**THOMAS ROLAND, III**
**04-B-2754**
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## ORDER

       Currently before the Court is Plaintiff Thomas Roland, III's amended complaint, *see* Dkt. No. 6, which he submitted in compliance with this Court's March 13, 2007 Memorandum-Decision and Order, *see* Dkt. No. 4.

       In his original complaint, Plaintiff alleged that he received improper medical care from physicians whom Defendants Rivera and Benson employed. In its previous Order, the Court advised Plaintiff that, in any amended complaint that he filed, he had to demonstrate the personal involvement of each Defendant in the alleged violation of his constitutional rights. *See id.* at 3-4.

In his amended complaint, Plaintiff continues to name Rivera and Benson as Defendants. Plaintiff claims that "a doctor in Mr. Michael A. Benson's employ" prescribed a medication which has caused Plaintiff to experience continuing health problems. *See* Dkt. No. 6 at 5. Moreover, Plaintiff contends that doctors in the employ of both Defendants have not properly treated his health problems. *See id.*

As the Court noted in its previous Order, "[i]t is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)) (other citations omitted). Although, in conclusory terms, Plaintiff asserts that Defendant Benson displayed deliberate indifference to his ongoing complaints about the side effects of the medication, *see* Dkt. No. 6 at 5, he does not provide any facts that would support a finding that either Defendant was personally involved in the alleged violation of his constitutional rights. Therefore, the Court finds that Plaintiff's amended complaint fails to remedy the defects in his original complaint that the Court specifically noted in its March 13, 2007 Memorandum-Decision and Order.

Accordingly, after reviewing Plaintiff's amended complaint and the applicable law, and for the above-stated reason, the Court hereby

**ORDERS** that Plaintiff's amended complaint is **DISMISSED WITHOUT PREJUDICE** due to Plaintiff's failure to comply with the terms of the Court's March 13, 2007

Memorandum-Decision and Order, specifically his failure to allege facts that would support a finding that either Defendant was personally involved in the alleged violation of his constitutional rights; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated: April 6, 2007
       Syracuse, New York

                                        Frederick J. Scullin, Jr.
                                        Senior United States District Court Judge