UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

THOMAS ROLAND, III,

                              **Plaintiff,**

                              v.                                9:07-CV-230
                                                                         (FJS/DEP)

I. RIVERA, Superintendent, Coxsackie
Correctional Facility; and MICHAEL BENSON,
Superintendent,

                              **Defendants.**

_____

**APPEARANCES**

**THOMAS ROLAND, III**
**04-B-2754**
Coxsackie Correctional Facility
Box 999
Coxsackie, New York 12051
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Thomas Roland commenced this § 1983 civil rights action on March 2, 2007. *See* Dkt. No. 1. In a Memorandum-Decision and Order dated March 13, 2007, this Court directed Plaintiff to file an amended complaint because his original complaint did not demonstrate the personal involvement of each Defendant in the alleged violation of his constitutional rights.[1] *See* Dkt. No. 4. On March 26, 2007, Plaintiff filed an amended complaint.

---

[1] In its March 13, 2007 Memorandum-Decision and Order, the Court granted Plaintiff's *in*
                                                                                           (continued...)

*See* Dkt. No. 6. By Order dated April 6, 2007, this Court found that Plaintiff's amended complaint failed to remedy the defects in his original complaint. *See* Dkt. No. 8. Therefore, the Court dismissed Plaintiff's amended complaint without prejudice due to Plaintiff's failure to comply with the terms of the Court's March 13, 2007 Order. *See id.* On April 6, 2007, the Court entered judgment against Plaintiff, dismissing this action without prejudice in accordance with the Court's March 13, 2007 Order. *See* Dkt. No. 9.

Currently before the Court are a letter from Plaintiff, which the Court construes as a request for relief from the judgment entered against him, *see* Dkt. No. 10, and Plaintiff's motion for leave to amend his amended complaint, *see* Dkt. No. 11.

## II. DISCUSSION

A. **Request for relief from judgment**

Plaintiff requests that the Court reopen this case so that he can file an amended complaint. *See* Dkt. No. 11. He asks that, in reviewing his request, "this court take into consideration that [he is] a prisoner who is mentally incapacitated." *See id.*[2]

Rule 60(b) of the Federal Rules of Civil Procedure sets forth the following six grounds upon which the Court may rely to relieve a party from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

---

[1](...continued)
*forma pauperis* application. *See* Dkt. No. 4 at 5.

[2] With his proposed amended pleading, Plaintiff has submitted a letter from the Unit Chief of Coxsackie Correctional Facility Mental Health Unit dated March 1, 2007, outlining Plaintiff's mental health diagnosis and medications. *See* Dkt. No. 11 at 12.

> discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"In deciding a Rule 60(b) motion, a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." *Kotlicky v. United States Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (citation omitted); *see also Welkovics v. Hebrew Academy of Capital Dist.*, No. 93-CV-1465, 1995 WL 760726, *2 (N.D.N.Y. Nov. 14, 1995) (quotation and other citation omitted). The Court finds that, under the circumstances of this case, Plaintiff's *pro se* status and his asserted mental incapacity "justify[] relief from the operation of the judgment," Fed. R. Civ. P. 60(b)(6), and, therefore, grants Plaintiff's motion for relief from judgment. *See* Rule 60(b)(6).

**B.  Motion to amend**

Having reopened this action, the Court may now properly review Plaintiff's motion to amend his amended complaint. *See* Dkt. No. 11. The proposed amended complaint names two new Defendants – Dr. Joseph Liebergall and Dr. Brian Joseph – and asserts that, while Plaintiff was incarcerated at Erie County Holding Center, each of them was deliberately indifferent to his serious medical needs. *See id.*[3] Since Plaintiff alleges that these newly-named Defendants were

---

[3] In his proposed amended pleading, Plaintiff no longer names I. Rivera, Superintendent
(continued...)

personally involved in the alleged violation of his constitutional rights, the Court grants his motion to amend his amended complaint. Therefore, the Court directs the Clerk of the Court to docket the proposed amended pleading as Plaintiff's second amended complaint.

Finally, the Court notes that the acts about which Plaintiff complains in his second amended complaint relate to conduct that allegedly occurred, if at all, at Erie County Holding Center, which is located in the Western District of New York. Therefore, the Court hereby transfers this action to the United States District Court for the Western District of New York. *See* 28 U.S.C. § 1404(a) ("[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought").[4]

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for relief from judgment is **GRANTED**; and the Court further

**ORDERS** that the Court's April 6, 2007 judgment is **VACATED**. The Clerk of the

---

[3](...continued)
of Coxsackie Correctional Facility, or Michael Benson, Superintendent, as Defendants. *See id.* Therefore, the Court will dismiss I. Rivera and Michael Benson as Defendants in this action.

[4] Plaintiff's motion to amend also includes a request for appointment of counsel. *See* Dkt. No. 11 at 1. Since the Court is transferring this matter to the United States District Court for the Western District of New York, the Court leaves the determination of that request to the trasferee court.

Court shall reopen this action and restore it to this Court's docket; and the Court further

**ORDERS** that Plaintiff's motion to amend his amended complaint is **GRANTED**. The Clerk of the Court shall file the proposed amended pleading as Plaintiff's second amended complaint, which shall supersede and replace in its entirety the previous amended complaint; and the Court further

**ORDERS** that the Clerk of the Court shall amend the docket to include "Dr. Joseph Liebergall, Erie County Forensic Mental Health Services," and "Dr. Brian, Joseph, Erie County Forensic Mental Health Services," as Defendants; and the Court further

**ORDERS** that "I. Rivera" and "Michael Benson" are **DISMISSED** as Defendants in this action; and the Court further

**ORDERS** that, pursuant to 28 U.S.C. § 1404(a), the Clerk of the Court shall transfer this action to the United States District Court for the Western District of New York; and the Court further

**ORDERS** that the Clerk of the Court shall advise the Clerk of the United States District Court for the Western District of New York, in writing, of the entry of this Order and provide

that official with a certified copy of this Order and of the docket sheet for this action, together with all of the information necessary for that official to access electronically the documents filed in this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 6, 2007
      Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge